# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TREMESHA MORRISON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-1960-S |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Tremesha Morrison's Motion to Remand ("Motion") [ECF No. 7]. The Court has reviewed and considered the Motion, Defendant Wal-Mart Stores Texas, LLC's Response in Opposition to the Motion ("Response") [ECF No. 8], Defendant's Brief in Support of the Response ("Defendant's Brief") [ECF No. 9], Plaintiff's Reply to the Response ("Reply") [ECF No. 11], Plaintiff's Brief in Support of the Reply [ECF No. 12], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

On May 7, 2026, Plaintiff filed suit against Defendant in the 40th Judicial District Court of Ellis County, Texas, to recover for injuries sustained in a trip and fall incident. Pl.'s Original Pet. ("Petition") [ECF No. 1-3] 1, 3 ¶ 11. Specifically, Plaintiff alleges that while "working for her employer, SPAR Marketing Force, Inc., at the Wal-Mart store located at 100 Ryan Drive, Red Oak, Texas 75154," she "tripped over a pallet that had been left in the middle o[f] an aisle by one of Defendant's employees" and "sustained serious physical injuries to her right ankle." *Id.* at 3 ¶ 11. For her unspecified medical expenses, physical pain and suffering, physical impairment, physical disfigurement, and lost wages, Plaintiff sought monetary relief of $250,000 or less. *Id.* at 2 ¶ 4, 4-5 ¶ 20.

Defendant removed the case, asserting that the Court has subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Walmart's Notice

of Removal ("Notice") [ECF No. 1] 2. According to Defendant, "[b]ecause Plaintiff seeks damages of $250,000 or less and has, by silence, refused to advise [Defendant] that the damages sought are $75,000 or less, the only evidence available indicates that the amount in controversy exceeds $75,000." Def.'s Br. ¶ 11.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a

preponderance of the evidence that subject matter jurisdiction exists." (citations omitted)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

## III. ANALYSIS

### *A. Diversity of Citizenship*

According to Defendant, the parties are diverse because Plaintiff is a Texas citizen and Defendant is a citizen of Delaware and Arkansas. Notice 2. Specifically, Defendant asserts that it is a limited liability company, and its member is a citizen of Delaware and Arkansas. *Id.*; *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a [limited liability company] is determined by the citizenship of all of its members." (citation omitted)). And Plaintiff is a citizen of Texas because she is domiciled in Texas. *See Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state." (citation omitted)). Therefore, the diversity of citizenship requirement is met.

### *B. Amount in Controversy*

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated that she sought monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Pet. 2 ¶ 4. Plaintiff argues that the Court should remand the case because it is not facially apparent from the Petition that the amount in controversy exceeds $75,000, meaning Defendant must provide "evidence establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000." Mot. 2. In response, Defendant asserts that the Court has subject matter jurisdiction because: (1) it is apparent from the face of the Petition that the amount in controversy exceeds $75,000 and (2) Plaintiff refused to stipulate that the damages sought are $75,000 or less. Def.'s Br. 3-4.

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). "Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citation omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (citation omitted). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* (quoting *De Aguilar*, 11 F.3d at 58).

The removing defendant can meet its burden in one of two ways. First, the defendant's burden is met if it is facially apparent from the petition that the plaintiff's claims exceed $75,000. *Id.* Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to prove that the claims exceed the jurisdictional threshold. *Id.* at 1336. Once the defendant establishes that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that it is "legally certain" the plaintiff's recovery will not exceed the jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citation omitted).

Under Texas Rule of Civil Procedure 47, plaintiffs must categorize their damages within one of five predefined ranges. Rule 47 requires the selection of one of the following categories of monetary relief:

> (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
>
> (2) monetary relief of $250,000 or less and non-monetary relief;
>
> (3) monetary relief over $250,000 but not more than $1,000,000;
>
> (4) monetary relief over $1,000,000; or
>
> (5) only non-monetary relief[.]

TEX. R. CIV. P. 47(c)(1)-(5). Plaintiff chose the range set forth in Rule 47(c)(1)—"only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." Pet. ¶ 4.

Because Plaintiff alleged a non-specific range of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g.*, *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (citation omitted)).

To determine whether Defendant has met its burden, the Court first examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335. In the Petition, Plaintiff claims generally that she "sustained serious physical injuries to her right ankle." Pet. 3 ¶ 11. Plaintiff broadly asserts damages for unidentified past and future medical care and expenses, past and future physical pain and suffering, past and future physical impairment, past physical disfigurement, and past and future lost wages. *Id.* at 4-5 ¶ 20. The

Petition provides no further information on the monetary value of Plaintiff's claim—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000.

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding a complaint did not support diversity jurisdiction when the plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming the district court's finding that claims exceeded $75,000 when the plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

As it is not apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendant presented any summary judgment-type evidence or any additional information to demonstrate that Plaintiff's claim likely exceeds $75,000. Defendant has provided no summary judgment-type evidence.

Instead, Defendant submits only evidence of email exchanges in which Plaintiff's counsel did not respond to requests to stipulate to the amount in controversy. Def.'s App. Accompany Def.'s Br. [ECF No. 10] 3. Defendant argues that Plaintiff's failure to stipulate that her damages do not exceed $75,000 "indicates that the amount in controversy exceeds $75,000." Def.'s Br. ¶ 11. Plaintiff's refusal to stipulate to damages is a "factor . . . considered by the Court," but "alone

it is not reason to deny remand." *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993). Here, the Court finds that Plaintiff's failure to stipulate is not accompanied by other evidence or information sufficient to deny remand. Further, the Petition does not indicate that Plaintiff seeks "statutory penalties, treble damages, or punitive damages that might amplify the amount in controversy above the $75,000 threshold." *Saucedo v. State Farm Mut. Auto. Ins. Co.*, No. DR-10-CV-001-AML-VRG, 2010 WL 11597175, at *3 (W.D. Tex. Mar. 9, 2010).

Considering the Petition and the evidence submitted by Defendant, the Court concludes that Defendant has not met its burden to establish subject matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that "[t]he removal statute is . . . to be strictly construed" and that "any doubt about the propriety of removal must be resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citations omitted), the Court must remand for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand [ECF No. 7]. This case is **REMANDED** to the 40th Judicial District Court of Ellis County, Texas.

**SO ORDERED.**

SIGNED August 21, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**